T.C. Summary Opinion 2015-62

UNITED STATES TAX COURT

DORIS SIMMONS-BROWN AND JOE BROWN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21636-13S.                    Filed October 15, 2015.

Doris Simmons-Brown and Joe Brown, pro sese.

<u>David J. Neuman</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the
(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies of $11,983 and $9,227 in petitioners' 2010 and 2011 Federal income tax, respectively, and accuracy-related penalties under section 6662(a) of $2,119.20 and $1,845.40 for 2010 and 2011, respectively.

After concessions, the issues for decision are: (1) whether Joe Brown (petitioner) was engaged in a passive real estate activity with respect to a rental property for 2010 and 2011 and (2) whether petitioners are liable for the accuracy-related penalties under section 6662(a) for the years in issue.

## Background

Some of the facts have been stipulated, and we incorporate the stipulation of facts by this reference. At the time the petition was filed, petitioners resided in New York.

During the years in issue petitioner operated a small contracting business and was also a student. Petitioner spent approximately 15 hours per week working as a contractor or approximately 780 hours a year.

---

[1](...continued)
Internal Revenue Code (Code) in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Doris Simmons-Brown, petitioner's wife, owns a four-floor multifamily house located at 7 Lefferts Place in the Clinton Hill neighborhood of Brooklyn, New York. Petitioner does not own any interest in this property. The first unit comprises the first two floors of the property. The second unit comprises the third floor of the property, and the third unit comprises the fourth floor of the property. The common areas include the basement, the boiler room, the front and back yards, the foyer, and the stairway to the tenants' apartments on the third and fourth floors. Petitioners and their family reside in the first unit of this property and rent out the remaining two units.

Petitioner performed work on the rental portion of the property throughout the years in issue, consisting mainly of cleaning and making extensive repairs. Petitioner received occasional assistance in repairing the property from his son and from a homeless man named Dominic. Petitioner maintained a contemporaneous log of the time that he spent on the rental property. In response to respondent's concerns that this log included time petitioner spent on the portion of the property occupied by his family and on the common areas, petitioner Doris Simmons-Brown prepared a spreadsheet for trial that removed (1) the time petitioner spent on his residence and (2) one-third of the time petitioner spent on the common areas.

On their 2010 and 2011 Federal income tax returns petitioners reported rental income and claimed rental expense deductions as follows:

| Item | 2010 | 2011 |
|---|---|---|
| Rental income | $38,400 | $45,800 |
| Rental expenses | (71,139) | (82,923) |
| Loss | (32,739) | (37,123) |

The losses were claimed against nonpassive income.

In a notice of deficiency respondent determined that portions of the claimed 2010 and 2011 loss deductions with respect to petitioner's rental real estate activity were subject to the passive activity loss limitations under section 469. Respondent also determined that petitioners failed to report unemployment compensation for 2010 and determined accuracy-related penalties under section 6662(a) for both the years in issue. Petitioners stipulated that they received the unemployment compensation in 2010.

## Discussion

### I. Burden of Proof

In general the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the

burden of proof as to factual matters shifts to the Commissioner under certain circumstances.  Petitioners did not allege or otherwise show that section 7491(a) applies.  See sec. 7491(a)(2)(A) and (B).  Therefore, petitioners bear the burden of proof.  See Rule 142(a).

## II.    Passive Activity Loss

Section 469(a) generally disallows for the taxable year any passive activity loss.  A passive activity loss is the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year.  Sec. 469(d)(1).  A passive activity is any trade or business in which the taxpayer does not materially participate.  Sec. 469(c)(1).

### A.    Real Estate Professional Exception to Per Se Passive Categorization

Rental activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates.  Sec. 469(c)(2).  However, pursuant to section 469(c)(7)(A)(i), the rental activity of a taxpayer is not treated as a per se passive activity if the taxpayer satisfies the requirements of section 469(c)(7)(B).  A taxpayer meets those requirements if he or she establishes the following:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

(ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

In the case of a joint return, the requirements of the preceding sentence are satisfied if and only if either spouse separately satisfies such requirements. For purposes of the preceding sentence, activities in which a spouse materially participates shall be determined under subsection (h).

For purposes of section 469, a taxpayer is treated as materially participating in an activity if the taxpayer participates in the activity for more that 500 hours each year. See sec. 1.469-5T(a)(1), Temporary Income Tax Regs., 53 Fed. Reg. 5725-5726 (Feb. 25, 1988). Petitioner worked for 780 hours per year in his construction business and, as discussed below, more than 500 hours per year on the rental activity. Therefore, petitioner materially participated in both activities during the years in issue.

For purposes of the requirement in section 469(c)(7)(B)(i), a real property trade or business includes construction and reconstruction. Sec. 469(c)(7)(C). Since all personal services petitioner performed in trades or businesses during 2010 and 2011 were performed either in the rental activity or in his sole proprietor construction business, all were performed in real property trades or businesses in which he materially participated. Therefore, petitioner meets the requirement in section 469(c)(7)(B)(i) for both years.

For purposes of the requirement in section 469(c)(7)(B)(ii), a real property trade or business also includes construction or reconstruction.  Sec. 469(c)(7)(C). Since petitioner worked for 780 hours per year in his construction business and, as discussed below, more than 500 hours per year on the rental activity, he meets the 750-hour requirement of section 469(c)(7)(B)(ii) for both years.

Because petitioner meets the requirements of section 469(c)(7)(B)(i) and (ii) for both years, petitioner's rental activity is not a per se passive activity.

### B.    Material Participation

Since petitioner's rental activity is not a per se passive activity, it is not a passive activity if petitioner materially participated in it.  See sec. 469(c)(1).  The same 500-hour-per-year test applies under both section 469(c)(1) and (7)(B) in determining whether petitioner materially participated in the activity.  See sec. 1.469-5T(a)(1), Temporary Income Tax Regs., supra.

### 1.    Rental Activity--2010

As previously mentioned, petitioner Doris Simmons-Brown prepared a spreadsheet for trial documenting the time petitioner spent working on the rental property.  According to the spreadsheet, petitioner claimed to have spent a total of

1,284 hours[2] working on the rental property in 2010. Also as previously mentioned, petitioner provided a contemporaneous activity log documenting the amount of time that he spent on the rental property. Respondent asserts that the contemporaneous activity log improperly includes time that petitioner spent (1) on repairs to his residence and (2) on repairs and maintenance to the common areas that benefited petitioner's family's portion of the building as well as the tenants' portion of the building. Respondent asserts that the spreadsheet is inconsistent with the contemporaneous activity log.

We used petitioner's contemporaneous activity log to calculate the amount of time that he spent on the rental property. We included the amount of time petitioner recorded in his contemporaneous activity log for the work related to the tenants' apartments and two-thirds of the amount of time petitioner recorded in his contemporaneous activity log for the work related to the common areas.[3] On the

---

[2]The total on the adding machine tape attached to the spreadsheet is 1,203 hours but includes work for only 11 months. The total is 1,284 hours if all 12 months are included.

[3]When she prepared the spreadsheet for trial, petitioner Doris Simmons-Brown removed one-third of the time spent on the common areas as maintenance to her family's residence. Respondent asserted that some of this time was purely personal but did not propose a different allocation percentage nor present any evidence on this point. Petitioner explained that the tenants use the common areas. In addition, much of the time spent on the common areas was for the public

(continued...)

basis of these calculations, we conclude that petitioner spent 1,008 hours performing services with respect to the rental activity for 2010. Because the 1,008 hours meets the more-than-500-hour requirement of section 1.469-5T(a)(1), Temporary Income Tax Regs., supra, petitioner meets this requirement for the 2010 taxable year. Accordingly, petitioner materially participated in the rental real estate activity for 2010, and petitioner's 2010 rental real estate activity was not a passive activity.

2.      Rental Activity--2011

According to the prepared spreadsheet, petitioner claimed he spent 1,082 hours working on the rental property in 2011. We used petitioner's contemporaneous activity log to calculate the amount of time that petitioner spent on the rental property in the same manner as we did for 2010.[4] On the basis of

---

[3](...continued)
foyer and the hallway and steps leading to the apartments on the third and fourth floors. On the basis of this record, we conclude that two-thirds of the time spent on the common areas is an appropriate allocation as the time that petitioner spent working on the rental property.

[4]From March 2 to March 9, 2011, petitioner spent 32 hours repairing extensive damage to the ceiling of the public corridor on the third and fourth floors caused by a tenant's carrying his bicycle on his shoulder. Because the damage was caused by a tenant and was in the part of the public corridor exclusively used by the tenants, we allocated all of these hours as time that petitioner spent on the rental property.

these calculations, we conclude that petitioner spent 752 hours performing services with respect to the rental activity for 2011. Because the 752 hours meets the more-than-500-hour requirement of section 1.469-5T(a)(1), Temporary Income Tax Regs., supra, petitioner meets this requirement for the 2011 taxable year. Accordingly, petitioner's 2011 rental real estate activity was not a passive activity.

III.    Accuracy-Related Penalty

Section 6662(a) and (b)(1) and (2) imposes a penalty of 20% of the portion of an underpayment of tax attributable to the taxpayer's negligence, disregard of rules or regulations, or substantial understatement of income tax. "Negligence" includes any failure to make a reasonable attempt to comply with the Code. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A "substantial understatement" includes an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. See sec. 6662(d); sec. 1.6662-4(b), Income Tax Regs.

The section 6662(a) accuracy-related penalty does not apply with respect to any portion of an underpayment if the taxpayer proves that there was reasonable cause for such portion and that he acted in good faith with respect thereto. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the

taxpayer's efforts to assess the proper tax liability; the knowledge and the experience of the taxpayer; and any reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the taxpayer's effort to assess the taxpayer's proper tax liability. Id.

For 2010 respondent determined that the rental activity was a passive activity and that petitioners did not report $13,875 of unemployment compensation. We conclude that the rental activity was not a passive activity for 2010. Petitioners stipulated that they received the unemployment compensation. At trial petitioner asserted that he was not aware that unemployment compensation is taxable.

The underpayment of the tax required to be shown on petitioners' return for the 2010 taxable year is attributable to negligence because petitioners failed to report the unemployment compensation. It is not clear whether the underpayment for 2010 is also the result of a substantial understatement of income tax because we conclude that the rental activity was not a passive activity for 2010. In any event, we conclude that the underpayment of tax was due to negligence. See sec. 6662(b)(1). Respondent's burden of production has been satisfied. See sec. 7491(c). Accordingly, because respondent has met his burden of production,

petitioners must come forward with persuasive evidence that the accuracy-related penalty should not be imposed with respect to the underpayment because they acted with reasonable cause and in good faith or for some other reason. See sec. 6664(c)(1); Rule 142(a); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Petitioners claimed that they were unaware that unemployment compensation is taxable. A taxpayer's ignorance of the law is no excuse for failure to comply with it. Lakhani v. Commissioner, 142 T.C. 151, 165 (2014); Carlebach v. Commissioner, 139 T.C. 1, 17 (2012). Petitioners offered no other argument or evidence to show that there was reasonable cause for not including the compensation in income and that they acted in good faith with respect to the 2010 underpayment. Respondent's determination of an accuracy-related penalty under section 6662(a) for 2010 is sustained with respect to the portion of the underpayment resulting from the exclusion of the unemployment compensation.

The sole issue for 2011 is whether the rental activity was a passive activity. All other adjustments for 2011 were computational as a result of respondent's determination that the rental activity was a passive activity. We conclude that the rental activity was not a passive activity for 2011. Therefore, there is no underpayment of the tax required to be shown on petitioners' tax return for 2011 and thus no section 6662(a) accuracy-related penalty for 2011.

We have considered the parties' arguments and, to the extent not discussed herein, we conclude the arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.